Mr. Bill A. Shirron, Executive Director Arkansas Teacher Retirement System #3 Capitol Mall Little Rock, Arkansas 72201
Dear Mr. Shirron:
This is in response to your request for an opinion on whether the Teacher Retirement System may invest generally in "venture capital" under A.C.A. § 24-3-411 (Repl. 1993), which is the statutory adoption of the "prudent investor rule."
It is my opinion, although there is no express prohibition in this regard, and although the permissibility of a particular investment may have to be decided on a case-by-case basis with all the attributes of the particular investment at hand, that such investments would rarely, if ever, be "prudent" under the "prudent investor rule."
Specifically, you have indicated that the Teacher Retirement System has been asked to invest several million dollars in a "venture capital limited partnership"[1] known as the "Heartland Capital Appreciation Fund." Counsel for the System has opined that such investments would be in the nature of "speculation" and thus in all likelihood prohibited by the "prudent investor rule." Counsel for Heartland has opined that such an investment "likely" would be permissible under the prudent investor rule, and that such investments are not imprudent per se.
Section 24-3-402 (Repl. 1993) of the Arkansas Code gives the Teacher Retirement System the full power to invest and reinvest the moneys of the system, but subjects the investments to the "prudent investor rule" set forth in A.C.A. § 24-3-411. That statute provides as follows:
 (a) The prudent investor rule, as interpreted and defined by the Federal Employee Retirement Income Security Act (ERISA) of 1974, and regulations promulgated pursuant thereto, shall be applied by each party serving in a fiduciary capacity for the respective retirement systems.
 (b) The prudent investor rule means that, in making investments, the fiduciaries shall exercise the judgment and care, under the circumstances then prevailing, which an institutional investor of ordinary prudence, discretion, and intelligence exercises in the management of large investments entrusted to it, not in regard to speculation but in regard to the permanent disposition of funds, considering probable safety of capital as well as probable income.
The term "venture capital" is defined by Webster's Seventh New Collegiate Dictionary (1979) as meaning "money invested or available for investment in stocks esp. of new or speculative enterprises." Id. at 986. Barrons' Financial Guides, Dictionary of Finance Investment Terms 463 (2d ed. 1987) states that "venture capital" is an "important source of financing for start-up companies or others embarking on new or turnaround ventures that entail some investment risk but offers the potential for above average future profits; also called risk capital."
My research has produced no cases, either from this jurisdiction, any other state, or federal case law, which discusses whether, as a general matter, investments in "venture capital" comport with the prudent investor rule. The issue has been addressed by several Attorneys General in opining to various state officials on the legality of such investments. See, e.g., 1990 Arizona Op. Att'y Gen. 46 (prudent investor rule does not prohibit investment by state retirement system in "venture capital" where statute authorized up to one percent of assets to be invested in "economic development," but prudency of investment must be determined on a case-by-case basis); South Dakota Op. Att'y Gen. 88-32 (statute which allowed the Investment Council of South Dakota to invest five percent of "cash flow funds" in venture capital did not conflict with other statute containing prudent investor requirement, but Attorney General urged caution and determination on a case-by-case basis, also with regard to retirement funds); 1989 Alaska Op. Att'y Gen. 133 (Inf.) (State Industrial Development Authority may invest in venture capital under the prudent man rule, but AG concentration in Alaska investments). See also generally 1981-1984 Pennsylvania Op. Att'y Gen. 42 (opining that state retirement system cannot be a limited partner or a joint venturer in investment vehicle because to do so would change the sovereign's essential nature and require it to forego certain aspect of sovereignty).
It was stated by the Attorney General of South Dakota that: "It has been suggested from time to time that investment in venture capital is by it nature so risky as to fall outside the prudent-man standard. Others have suggested that any such presumption is overcome only by the specific enumeration of this investment vehicle [by statute]. Still others believe prudent investors can and do invest limited portions of a portfolio in venture capital investment without specific statutory authority." S.D. Op. 88-32, at 1. The South Dakota Attorney General also stated that:
 "[t]here is a certain degree of inherent conflict between the concept of "prudent person" investments as set forth in the statute and the concept of venture capital investment. The prudent person test requires acting not for speculation, but for investment, while weighing the safety of the capital committed against the probable gain. The concept of venture capital, on the other hand, contemplates an undertaking attended by risk and speculation through the investment of funds in a new or fresh enterprise. Typically a venture capital investment seeks to balance the higher degree of risk against the potential for a higher return on the investment."
Id.
The South Dakota Attorney General went on to opine, however, that such investments were permissible under the prudent man standard as there was a specific South Dakota statute authorizing the investments, and the Attorney General could not construe the law to render that statute a nullity. The Attorney General noted, however, the potential for personal liability of fiduciaries for violation of the prudent man standard, and the troubling legislative authorization to engage in "speculation." Thus, the Attorney General, although failing to conclude that venture capital investments are imprudent per se, urged that "great care" be exercised in the investment of assets in venture capital.
Arkansas, unlike South Dakota, does not have any express statute which authorizes investment of the specified funds in venture capital. The investment of these funds is governed entirely by the "prudent investor rule" set out at A.C.A. § 24-3-411 (Repl. 1993). This rule requires the investor to invest "not in regard to speculation." The very definition of venture capital entails an investment in speculative enterprises. Webster's, supra.
Thus, the underlying investment of this limited partnership will involve at least some speculation. Of course, as stated by the South Dakota Attorney General, it is "not possible to categorize prudent behavior on a general basis. The prudent person determination is going to have to be made on a case-by-case basis." I must conclude, however, that investments which are truly characterized as involving "venture capital" would rarely ever be prudent as a general matter under A.C.A. § 24-3-411.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] You have not inquired whether investments in "limited partnerships" generally are permissible. Other Attorneys General have opined that such investment vehicles do not violate constitutional restrictions on the state becoming a stockholder of a corporation or association. See, e.g., 1981-1984 Pennsylvania Op. Att'y Gen. 42 and 41 Oregon Op. Att'y Gen. 503 (1981). See also generally Arkansas Constitution, art. 12 §7.